UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00013-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **OTIS SUTTON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Modification of Imposed Term of Imprisonment Pursuant to § 3582(c)(2). In his request, defendant states that this court should apply Amendment 599 to reduce his sentence as he contends this court imposed a sentence that included an enhancement that was forbidden by such 2000 amendment to the United States Sentencing Guidelines. Defendant's sentencing in 2013, however, precludes his reliance on a 2000 amendment to the Sentencing Guidelines to bring a motion under 18 U.S.C. §3582. In pertinent part, § 3582 provides as follows:

> **(c) Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that—
> ***
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range **that has subsequently been lowered by the Sentencing Commission** pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The emphasized language in the statute makes it clear that § 3582(c)(2) relief is only available where the Sentencing Commission has passed an

1

amendment subsequent to the date on which a defendant was sentenced. In this case, Amendment 599 became effective in 2000 and defendant was sentenced in 2013. Thus, § 3582 provides defendant with no relief.

The court has carefully considered the § 3582 motion to determine whether it is an attempt to bring a Section 2255 petition seeking *habeas corpus* relief and has conducted a two-step screening to determine whether defendant's claim is timely and then whether it would be cognizable. Assuming that defendant is attempting to bring a Section 2255 petition the claim would likely be time barred as more than a year has passed since the Judgment became final. 28 U.S.C. § 2255(f). District courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a … habeas petition." Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir.2006) (carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint). Despite such discretion, the Court in Day Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Consistent with Day, the Court of Appeals for the Fourth Circuit has indicated that courts must exercise caution in *sua sponte* dismissals of untimely petitions under the AEDPA. See McMillan v. Jarvis, 332 F.3d 244, 249 (4th Cir.2003); Butler v. South Carolina, 2012 WL 6093800, 3 (D.S.C.) (D.S.C. 2012). The court will, therefore, not dismiss any potential claim based on timeliness without determining whether the government wishes to assert that defense.

The court has next screened the motion to determine whether defendant has potentially brought a claim that would be cognizable under Section 2255. First, the court has assumed without

deciding that defendant has correctly asserted that the sentence the court imposed for the *Hobbs Act* robbery resulted from the inappropriate application of a six level enhancement. Defendant has not, however, asserted that such sentence was above the statutory maximum for a Hobbs Act offense. Sentencing error of such a nature does not state a cognizable offense as a matter of settled law. Under § 2255, post-conviction relief is only available if a petitioner establishes (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has long held that a claim of error that is neither jurisdictional nor constitutional is not cognizable in a § 2255 motion, unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Similarly, the Fourth Circuit has described cognizable non-constitutional claims as those "involving a claim of 'error of fact or law of the "fundamental" character that renders the entire proceeding irregular and invalid.'" United States v. Pettiford, 612 F.3d 270, 278 (4th Cir.2010) (quoting United States v. Addonizio, 442 U.S. 178, 186 (1979)). Although the Fourth Circuit has recognized that the "application of a career offender or other habitual offender guideline provision" based on a "fundamental defect" in the predicate conviction may justify collateral relief, it has not yet extended that reasoning to cover other guidelines errors. United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir.1999). Instead, the Fourth Circuit has emphasized that "a misapplication of the guidelines typically does not constitute a miscarriage of justice." Id. at 496. When presented with a run-of-the-mill "error in the application of the Sentencing Guidelines," the Fourth Circuit has held that relief under § 2255 is unavailable

3

"[b]arring extraordinary circumstances." United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir.1999). See also Whiteside v. United States, 748 F.3d 541 (4th Cir.2014) (discussing the principle that ordinary guidelines errors are not cognizable under § 2255), *overruled on other grounds*, 775 F.3d 180 (4th Cir.2014) (*en banc*). Cases in which a petitioner has been permitted to pursue habeas relief based on a fundamental defect in a predicate conviction have involved either an enhancement under the career offender provisions of the sentencing guidelines, U.S.S.G. § 4B1.1, or an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See United States v. Gadsen, 332 F.3d 224 (4th Cir.2003) (career offender); United States v. Maybeck, 23 F.3d 888 (4th Cir.1994) (career offender); see also Daniels v. United States, 532 U.S. 374 (2001) (armed career criminal); Custis v. United States, 511 U.S. 485 (1994) (armed career criminal).

Thus, the court concludes that even if it were to construe the § 3582 motion to be a petition under Section 2255, it would not state a cognizable claim as a matter of well settled law as the sentencing error alleged does not amount to a miscarriage of justice. While the court has considered whether this motion should be construed as a Section 2255 petition, such discussion should not be read as a bar to defendant attempting to bring a Section 2255 petition, which may contain additional arguments.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's *pro se* Motion for Modification of Imposed Term of Imprisonment Pursuant to § 3582(c)(2) is **DENIED** without prejudice as to defendant filing a Section 2255 petition.

Signed: March 28, 2016



Max O. Cogburn Jr
United States District Judge