UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-378-MOC
(3:12-cr-13-MOC-DCK-6)

| OTIS SUTTON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]. See also [Doc. 9] (Supplemental Memorandum). The United States has filed a Motion to Dismiss [Doc. 23].

**I.  BACKGROUND**

Petitioner was charged with: Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. § 1951(a) and 2 (Count Two); possession of a firearm in furtherance of a crime of violence, i.e., Counts One and Two, in violation of 18 U.S.C. § 924(c) and 2 (Count Three); and money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Four). [3:12-cr-13 ("CR") Doc. 71 (Superseding Bill of Indictment)]. Petitioner pleaded guilty to Counts Two and Three pursuant to a written Amended Plea Agreement, and admitted being "in fact guilty as charged in Counts 2 and 3." [CR Doc. 77 at ¶ 1].

At the Rule 11 hearing, Petitioner confirmed that he was pleading guilty in Count Two to aiding and abetting Hobbs Act robbery, and in Count Three to brandishing a firearm during and in relation to a crime of violence, that is, "conspiracy to interfere with commerce by threats and

1

violence, as charged in count one of the indictment, and … interference with commerce by threats and violence, as charged in count two of the indictment….." [CR Doc. 284 at 5-7]. The Court clarified that "count three alleges this firearms offense … [alleges] essentially that you possessed and carried a firearm in furtherance of the crime alleged in count two." [Id. at 7]. The Petitioner pleaded guilty knowingly and voluntarily, and admitted his guilt of Counts Two and Three. [Id. at 11, 17]. The Court sentenced Petitioner to a total of 219 months' imprisonment, consisting of 135 months for Count Two and 84 months for Count Three, consecutive, followed by three years of supervised release. [CR Doc. 259]. The Fourth Circuit Court of Appeals affirmed on direct appeal. United States v. Sutton, 571 F. App'x 216 (4th Cir. 2014).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 17, 2016,[1] arguing that his § 924(c) conviction is invalid because it was premised on Hobbs Act robbery which is not categorically a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). [Doc. 1]. In a Supplemental Memorandum, Petitioner argues that the § 924(c) conviction is invalid because the Indictment conjunctively charges the predicate offense as Hobbs Act conspiracy under Count One, and Hobbs Act robbery under Count Two. [Doc. 9]. Because the less serious offense is the Hobbs Act conspiracy charged in Count One is not a crime of violence, he argues, the § 924(c) conviction is invalid. Petitioner asks the Court to vacate Count Three and hold a resentencing hearing should the Government request one. [Doc. 9 at 5-6].

This case was stayed for several years pending developments in the case law. [Docs. 6, 15, 18, 21]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Dickerson, which has now been resolved sub nom United States v. Ogun, 2022

---

[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

2

WL 843899 (4th Cir. 2022) (consolidated appeal).

The United States has filed a Motion to Dismiss, arguing that Petitioner's claim is: barred by the postconviction waiver in his plea agreement; procedurally defaulted from § 2255 review; and fails on the merits because the § 924(c) conviction remains valid because substantive Hobbs Act robbery remains a crime of violence after Johnson. [Doc. 23]. Petitioner filed a Response reiterating the arguments that neither Hobbs Act conspiracy nor Hobbs Act robbery qualifies as a crime of violence. [Doc. 27]. The United States filed a Reply arguing that Fourth Circuit precedent bars the argument that Hobbs Act robbery does not qualify as a crime of violence. [Doc. 28]. The matter is now ripe for consideration.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that his § 924(c) conviction in Count Three should be vacated because

neither Hobbs Act robbery nor Hobbs Act conspiracy qualifies as a crime of violence in light of Johnson.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

>  (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that Hobbs Act robbery qualifies categorically as a crime under the force clause of § 924(c)(3)(A), even under an aiding and abetting theory. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019); United States v. Ali, 991 F.3d 561, 574 (4th Cir.), cert. denied 142 S.Ct. 486 (2021); see United States v. James, 2022 WL 3543310, *2 n.1 (4th Cir. Aug. 18, 2022). However, conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence and it is, thus, an invalid § 924(c) predicate. See United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc).

The Fourth Circuit has held that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following Johnson and its progeny," and it "extend[ed] that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021), cert. denied,

4

142 S. Ct. 819 (2022).

Here, the Superseding Indictment charged the § 924(c) offense based on the invalid predicate of Hobbs Act conspiracy and the valid predicate of aiding and abetting Hobbs Act robbery. Because the § 924(c) conviction is supported by one valid predicate conviction, the § 924(c) conviction remains valid.[2] Id. The Court will, therefore, grant the Government's Motion to Dismiss and dismiss Petitioner's § 2255 Motion to Vacate.[3]

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss [Doc. 23] is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

---

[2] Further, the Rule 11 transcript reveals that the Petitioner knew that the § 924(c) offense was based on Count Two, to which he also pleaded guilty.

[3] Because the Court grants the Government's Motion to Dismiss on grounds that Petitioner's claim is barred by Fourth Circuit precedent, the Court need not reach the issues of procedural default and waiver.

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 26, 2022

Max O. Cogburn Jr
United States District Judge